T.C. Summary Opinion 2005-33


UNITED STATES TAX COURT


DIANNE M. AND CHARLES H. HEADEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20249-02S.                    Filed March 28, 2005.


Charles H. Headen, pro se.

Lorianne Masano, for respondent.


CARLUZZO, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Subsequent section references are to the Internal Revenue Code in effect for 2000. Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' 2000 Federal income tax in the amount of $2,213. The issue for consideration is whether Social Security disability benefits received in 2000 by Charles H. Headen are includable in petitioners' income for that year.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed in this case, petitioners resided in Ocala, Florida. References to petitioner are to Charles Headen.[1]

In 1984, petitioner was injured in the line of duty as a Florida highway patrol officer. As a result of his injuries, petitioner underwent three surgeries and was out of work for extended lengths of time from 1984 to 1993. During these absences, petitioner collected worker's compensation benefits.

In 1993, petitioner's physician determined that petitioner was "totally and permanently disabled from gainful employment" and "incapable of any kind of work". As a result of his disability, petitioner was awarded "in line of duty" disability retirement benefits from the State of Florida. In addition to

---

[1] Dianne M. Headen neither appeared at trial nor signed the stipulation of facts. The case will be dismissed as to her for lack of prosecution. Rule 123(b). However, the decision will be entered against petitioner Dianne M. Headen consistent with the decision entered against petitioner Charles H. Headen.

the State disability retirement benefits, petitioner continued to receive worker's compensation benefits. In or around 1998, petitioner's worker's compensation benefits ended.

In September 1995, petitioner applied for Social Security disability insurance (SSDI) benefits, which were awarded in November 1998. The SSDI award included amounts attributable to earlier years. Petitioner's SSDI benefits were offset, dollar for dollar, by the amount of worker's compensation benefits petitioner received. In addition to the SSDI benefits, petitioner continued to receive disability retirement benefits from the State of Florida.

In 2000, petitioner received SSDI benefits of $33,867. Portions of the amount received in 2000 included unpaid SSDI benefits for the taxable years 1996, 1997, and 1998.

Petitioners timely filed their 2000 Federal income tax return. Taking into account wages, interest, and pension distributions, they reported adjusted gross income of $36,101. Petitioners did not include any portion of the SSDI benefits received by petitioner in the income reported on their 2000 return.

In the notice of deficiency, respondent determined that a portion of the SSDI benefits ($13,679) received by petitioner during 2000 is includable in petitioners' income for that year.

Another adjustment made in the notice of deficiency is computational.

Discussion

Section 61(a) provides that, except as otherwise provided by law, gross income includes all income from whatever source derived. Relevant for our purposes, section 86(a) provides that if the taxpayer's modified adjusted gross income[2] plus one-half of the Social Security benefits received by the taxpayer exceeds the adjusted base amount, then gross income includes the lesser of: (1) The sum of (a) 85 percent of such excess, plus (b) the lesser of (I) one-half of the Social Security benefits received during the year or (ii) one-half of the difference between the adjusted base amount and the base amount of the taxpayer; or (2) 85 percent of the Social Security benefits received during the taxable year. Sec. 86(a)(2). With respect to a married taxpayer who files a joint return, the base amount and the adjusted base amount are $32,000 and $44,000, respectively. Sec. 86(c)(1)(B) and (2)(B).[3] The adjustment made in the notice of deficiency

---

[2] In this case, ignoring adjustments not relevant here, petitioners' modified adjusted gross income equals their adjusted gross income. Sec. 86(b)(2).

[3] Prior to 1984, certain disability benefits were excludable from an employee's gross income. Maki v. Commissioner, T.C. Memo. 1996-209. However, this section was repealed, and "since 1984 Social Security disability benefits have been treated in the same manner as other Social Security benefits." Id.

with respect to the SSDI benefits received by petitioner is consistent with the above formula.[4]

Although not entirely clear from the record, some of the SSDI benefits received in 2000 relating to prior years might have been offset by worker's compensation benefits also received during those prior years. If so, the Federal income tax consequences with respect to petitioner's SSDI award remain the same because the worker's compensation benefits causing the reduction in Social Security benefits are, for Federal income tax purposes, treated as Social Security benefits. Sec. 86(d)(3);[5]

---

[4] Social Security benefits are included in the recipient's gross income in the taxable year in which the benefits are received. Sec. 86(a)(1). An election is available to a taxpayer who receives a lump-sum payment of Social Security benefits during the taxable year in which a portion of the benefits is attributable to previous taxable years. Sec. 86(e). Sec. 86(e) provides that, if the election is made, the amount included in gross income for the taxable year of receipt must not exceed the sum of the increases in gross income for those previous taxable years that would result from taking into account the portion of the benefits attributable to the previous taxable years. Petitioners did not make an election under section 86(e) with respect to the lump-sum SSDI benefits received in 2000.

[5] Sec. 86(d)(3) provides:

SEC. 86 (3). Workmen's compensation benefits substituted for Social Security benefits.--For purposes of this section, if, by reason of sec. 224 of the Social Security Act(or by reason of sec. 3(a)(1) of the Railroad Retirement Act of 1974), any social security benefit is reduced by reason of the receipt of a benefit under a workmen's compensation act, the term "social security benefit" includes that portion of such benefit received under the workmen's compensation act which equals such reduction.

Mikalonis v. Commissioner, T.C. Memo. 2000-281.

According to petitioner, a portion of the lump-sum benefits received in 2000 was a "rebate for attorney's fees." To the extent that petitioner incurred attorney's fees in securing the SSDI award, those fees might well have been deductible. See sec. 212(1). Nevertheless, there is insufficient evidence in the record to establish the amount of the fees, or the proper year for any such allowable deduction.

Taking into account petitioners' 2000 filing status, their 2000 modified adjusted gross income, and the SSDI benefits petitioner received that year, we find respondent's determination as to the portion of petitioner's SSDI benefits includable in petitioners' 2000 gross income is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.